# United States District Court

JUDGE GARDEPHE

SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD KOMA,

Plaintiff

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 10 CIV 4479

THE CITY OF NEW YORK, P.O. LUIS PICHARDO and P.O.s "JOHN DOE" #1-5  (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

TO: (Name and address of defendant)

| | | |
|---|---|---|
| The City of New York<br>100 Church Street<br>New York, NY 10007 | P.O. Luis Pichardo<br>28th Precinct<br>2271- 89 8th Avenue<br>New York, New York 10027 | P.O.'s "John Doe" #1-5 |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher D. Galiardo, Esq.
MYERS SINGER & GALIARDO, LLP
299 Broadway
Suite 200
New York, New York 10007

an answer to the complaint which is herewith served upon you, within _____21_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RUBY J. KRAJICK

CLERK _[signature]_

DATE  JUN 07 2010

(BY) DEPUTY CLERK

JUDGE GARDEPHE

10 CIV 4479

CG7285

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD KOMA,

    Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. LUIS PICHARDO and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

RECEIVED JUN 07 2010 U.S.D.C. S.D. N.Y. CASHIERS

    Plaintiff, MOHAMMAD KOMA, by his attorneys, MYERS & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. LUIS PICHARDO and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of the Bronx, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. LUIS PICHARDO and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers, employed by the New York City Police

Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On February 7, 2008, at approximately 3:30 p.m., Plaintiff MOHAMMAD KOMA, was standing outside of an electronics store located at 236 West 125th Street, while talking to a friend.

12. As they were talking, Plaintiff MOHAMMAD KOMA and his friend were approached by a man who, upon information and belief, was a plainclothes police officer.

13. The police officer demanded that Plaintiff produce identification and tell the officer "what he was up to".

14. When Plaintiff initially refused, he was physically grabbed by the officer. Plaintiff objected and was then taken forcibly to the ground.

15. As the Police Officer forcibly handcuffed Plaintiff MOHAMMAD KOMA, a crowd began to gather at the location.

16. Plaintiff asked why he was being arrested. Without further explanation, the police officer unjustly and without probable cause arrested Plaintiff.

3

17. As a consequence of the fall, Plaintiff fractured his right wrist and required medical treatment.

18. Plaintiff was transported to the Precinct where he was searched, but found to have no contraband. He was then charged with misdemeanor Assault and Resisting Arrest.

19. The Police Officers then filed false and misleading reports to support the arrest charges, including the false allegation that Plaintiff had punched the arresting officer.

20. On or about February 8, 2008, Plaintiff was arraigned in New York County Criminal Court under Docket Number 2008NY010344.

21. The plaintiff was released on his own recognizance. The Plaintiff made numerous court appearances while awaiting the opportunity to contest the charges against the Police Officers at trial.

22. Prior to trial, all charges against Plaintiff were dismissed.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

23. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

25. All of the aforementioned acts deprived Plaintiff, MOHAMMAD KOMA, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

5

32. Additionally, defendants violated Plaintiff's Fourth Amendment rights by subjecting him to an improper and illegal strip search.

### THIRD CLAIM FOR RELIEF:
### FALSE AREST UNDER 42 U.S.C 1983

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff, MOHAMMAD KOMA, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

36. As a result of his false arrest, Plaintiff MOHAMMAD KOMA was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

6

39. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

41. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

42. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

43. The criminal proceedings were terminated in favor of Plaintiff and all the charges against him were dismissed and sealed.

## FIFTH CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. 1983

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

46. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

47. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his body, requiring medical treatment.

48. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and United States Constitution.

## SIXTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

49. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50. Defendants issued legal process to place Plaintiff under arrest.

51. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

52. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

53. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if fully set forth herein.

54. Defendant Police Officers P.O. LUIS PICHARDO and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested MOHAMMAD KOMA despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

55. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

57. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

58. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff MOHAMMAD KOMA.

59. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff MOHAMMAD KOMA as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff MOHAMMAD KOMA as alleged herein.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff MOHAMMAD KOMA.

62. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

63. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from

the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

64. All of the foregoing acts by Defendants deprived Plaintiff MOHAMMAD KOMA of federally protected rights, including, but not limited to, the right:

      a. Not to be deprived of liberty without due process of law;

      b. To be free from seizure and arrest not based upon probable cause;

      c. To be free from unlawful imprisonment;

      d. To be free from unwarranted and malicious criminal prosecution;

      e. To be free from intentional assault and infliction of emotional distress;

      f. Not to have cruel and unusual punishment imposed upon him; and

      g. To receive equal protection under the law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff MOHAMMAD KOMA demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         June 4, 2010

Respectfully submitted,

_____
Christopher D. Galiardo (CG7285)

MYERS SINGER & GALIARDO, LLP
*Attorneys for Plaintiff*
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMMAD KOMA,

    Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. LUIS PICHARDO and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

MYERS, SINGER & GALIARDO, LLP
Christopher D. Galiardo, Esq.

299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900